1
2
3
4
5
6
7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CURT MARTIN,                              No.  2:16-cv-2082 KJM DB P

12              Plaintiff,

13        v.                                   ORDER

14   SACRAMENTO SHERIFF
     DEPARTMENT, et al.,
15
                Defendants.
16

17

18        Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

19   1983.  Plaintiff alleges defendants failed to provide him medical care for his back.  Before the

20   court is plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening.

21   For the reasons set forth below, the court grants plaintiff's motion to proceed in forma pauperis

22   and dismisses the complaint with leave to file an amended complaint.

23                              **IN FORMA PAUPERIS**

24        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

26        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

                                           1

1  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

3  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

4  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

5  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

6  1915(b)(2).

7  **SCREENING**

8  **I.    Legal Standards**

9      The court is required to screen complaints brought by prisoners seeking relief against a

10  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

11  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

12  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

13  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

14  U.S.C. § 1915A(b)(1) & (2).

15      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

17  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

18  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

19  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

20  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

21      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25  However, in order to survive dismissal for failure to state a claim a complaint must contain more

26  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

27  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

28  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Allegations of the Complaint

Plaintiff is an inmate at the Rio Consumnes Correctional Center.  Plaintiff identifies the following defendants:  Deputies on 5 East 300 Pod and Medical Staff who worked on April 16, 2016.  (Comp. (ECF No. 1) at 2.)

Plaintiff alleges that on April 16, 2016 his back went out while he was in his cell on 5 East 300 Pod.  His cellmate pushed the emergency button to notify deputies of a medical emergency. "Staff" came to the cell and informed plaintiff that he "was not a priority."  They left him on the

1  "cold cement floor" for twelve hours.  He states he was given no medical attention and still has

2  issues with his back.  (Id. at 3.)

3      Plaintiff seeks compensatory damages for his injuries and for his pain and suffering and

4  punitive damages.  (Id.)

5      **III.**    **Does Plaintiff State a Potentially Cognizable Claim?**

6      Plaintiff appears to have alleged that prison staff were deliberately indifferent to his serious

7  medical needs in violation of the Eighth Amendment.  Currently, plaintiff does not state a

8  potentially cognizable claim against any defendant.  Plaintiff will be given an opportunity to

9  amend his complaint to do so.

10      The first problem with plaintiff's complaint is that he has failed to identify any defendants.

11  Below the court describes what plaintiff must do in any amended complaint to state a claim, even

12  a claim against defendants whose names he does not yet know.  In the following section below,

13  the court describes the legal standards for an Eighth Amendment claim.  In order to state a

14  cognizable Eighth Amendment claim, plaintiff must allege facts that show he can prove these

15  legal standards if this case proceeds.

16      **A.**    **Unidentified Defendants**

17      There is no provision in the Federal Rules of Civil Procedure for including unnamed

18  defendants, also called "Doe" defendants, in a complaint.  The use of Does in pleading practice is

19  generally disfavored – but it is not prohibited.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th

20  Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F.

21  Supp. 2d 1149, 1152 (E.D. Cal. 2008).  However, plaintiff must allege facts showing when,

22  where, and how each Doe defendant violated his constitutional rights.  See Addis v. Ariz. Dept. of

23  Corrs., No. CV14-1115-PHX-DGC, 2015 WL 875233, at *3 (D. Ariz. Mar. 2, 2015).  Under

24  Section 1983, plaintiff must demonstrate that each defendant personally participated in the

25  deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  In other

26  words, there must be an actual connection or link between the actions of the defendants and the

27  deprivation alleged to have been suffered by plaintiff.  See Monell, 436 U.S. at 691, 695.

28  ////

4

Plaintiff fails to identify any specific action, or inaction, by any specific unnamed defendant.  He must identify individuals and what they did.  In an amended complaint, if plaintiff still does not know the identity of certain defendants, he should identify them by number, such as "Doe 1" or "Doe 2," and explain just what that person did that caused a violation of plaintiff's rights.  That said, plaintiff must make every effort to determine the identity of each defendant.  Eventually plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of the Doe defendants "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names.  Since by this order plaintiff will be granted leave to file an amended complaint, he must use the time given to amend to do everything he can to supply the names of the Doe defendants without further assistance from the court.  He may seek extensions of time for the filing of an amended complaint for that purpose if necessary.

### B.  Legal Standards for an Eighth Amendment Medical Claim

In order to state a claim under the Eighth Amendment regarding medical care, plaintiff must allege and prove that he suffered a sufficiently serious deprivation (the objective prong of the claim) and that officials acted with deliberate indifference in allowing or causing the deprivation to occur (the subjective prong of the claim).  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  Thus, when a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A viable Eighth Amendment medical claim, then, states two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id.

1    at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

2    objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

3    825, 834 (1994).

4          If a prisoner establishes the existence of a serious medical need, he must then show that

5    prison officials responded to it with deliberate indifference.  Farmer, 511 U.S. at 834.  In general,

6    a prisoner may show deliberate indifference with evidence that officials denied, delayed, or

7    intentionally interfered with medical treatment, or he may show it by the way in which prison

8    officials actively provided medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th

9    Cir. 1988).  Before it can be said that a prisoner's civil rights were violated by inadequate medical

10   care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

11   'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

12   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06.  See also

13   Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

14   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

15   Amendment rights.");  McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

16   mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

17   the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S.

18   312, 319 (1986)).

19                              **FILING AN AMENDED COMPLAINT**

20         Plaintiff is advised that in an amended complaint he must clearly identify each defendant and

21   the action that defendant took that violated his constitutional rights.  The court is not required to

22   review exhibits to determine what plaintiff's charging allegations are as to each named defendant.

23   If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging

24   allegations must be set forth in the amended complaint so defendants have fair notice of the

25   claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

26   of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.

27   Civ. P. 8(a).

28   ////

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1   Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint

2   must bear the docket number assigned this case and must be labeled "First Amended

3   Complaint."  Plaintiff must file an original and two copies of the amended complaint.

4   Plaintiff's failure to file an amended complaint within the time provided, or otherwise

5   respond to this order, may result in a recommendation that this case be dismissed.

6       4.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

7   form used in this district.

8   Dated:  March 30, 2017

9

10

11   DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

12

13   DLB:9
     DLB1/prisoner-civil rights/mart2082.scrn

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8